UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MARCUS RESCH,
#304507,

                Plaintiff,                    Case Number: 2:18-13607
                                                    Honorable Linda V. Parker

v.

MUNICIPALITY OF MACOMB
COUNTY, ET AL.,

                Defendants.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

### I. Introduction

    This is a *pro se* civil rights case. Brandon Marcus Resch ("Plaintiff") is

incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights,

Michigan. He asserts claims under 42 U.S.C. § 1983. Plaintiff names thirteen

defendants, including seven John and Jane Doe defendants, and alleges violations

of his rights under the First, Eighth and Fourteenth Amendments. He sues

Defendants in their personal and official capacities and seeks monetary relief.

Plaintiff has been granted leave to proceed without prepayment of the fees for this

action. *See* 28 U.S.C. § 1915(a)(1).

    For the reasons discussed below, the Court dismisses the following

defendants: Municipality of Macomb County, Anthony Wickersham, Tigg's

Canteen Service, and Correct Care Solutions, Inc. The Court also dismisses Plaintiff's claims that his due process rights were violated by: his exclusion from a disciplinary hearing; the inadequacy of the jail grievance procedure, and the jail's failure to provide him with a copy of the rules and regulations.

## II. Factual Allegations

Plaintiff was confined at the Macomb County Jail from November 2017 through August 2018. Plaintiff alleges that the conditions of his confinement violated multiple constitutional rights.

First, Plaintiff states that the Jail failed to provide him with kosher meals. Plaintiff alleges that, upon his arrival at the jail, he informed multiple individuals, including Defendant Clemens, that he had been approved for a kosher diet in accordance with his religious practices while incarcerated at the Oakland County Jail. Plaintiff argues that certain defendants established unreasonable barriers for him to obtain approval for a kosher diet, and that, even after he was approved for a kosher diet, Jane Does 1 and 2, employees of Defendant Tigg's Canteen Services, repeatedly and knowingly served him non-kosher foods. He claims to have filed approximately twenty grievances regarding the lack of kosher meals.

Plaintiff alleges he was assaulted by two John Doe defendants (sheriff's deputies) on November 18, 2017. According to the Complaint, when Plaintiff asked to speak to Defendants' supervisor regarding destruction of his legal

material, the John Doe defendants pushed Plaintiff onto the floor, smashing his eyeglasses and causing him lasting pain. Defendant Clemens then tasered Plaintiff. Plaintiff also claims to have suffered another assault at the hands of two John Doe defendants in August 2018.

Plaintiff claims he was denied out-of-cell exercise for all but six days of his ten-month incarceration. During this time period, the jail also suffered from overcrowding, resulting in Plaintiff often being forced to sleep on the floor. Plaintiff also cites the following unsanitary conditions in the section of the jail where he was confined: clogged toilets, bugs and insects, vomit, urine, fecal matter, and blood.

Plaintiff alleges his outgoing and incoming legal mail was destroyed at least six times. Defendant Deputy Grant informed Plaintiff in August 2018 that he opened Plaintiff's legal mail. Plaintiff claims he was also denied access to the law library despite proceeding *pro se* in his criminal case and denied the ability to make telephone calls to court-appointed advisory attorneys.

Plaintiff states he was not provided with a written or verbal explanation of the Macomb County Jail's rules until four days after arriving at the facility.

A misconduct ticket was issued against Plaintiff in August 2018. Plaintiff repeatedly expressed his desire to attend and present witnesses at the misconduct

hearing. He claims that he was not permitted to attend the hearing. He alleges that the misconduct ticket was issued in retaliation for the filing of grievances.

Finally, Plaintiff claims Defendants denied him court-ordered psychotropic medications.

### III. Legal Standard

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is

4

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.  Discussion

### A.  *Respondeat Superior* Liability

Plaintiff fails to state a plausible claim against Defendants Municipality of Macomb County, Anthony Wickersham, Tigg's Canteen Service, and Correct Care Solutions, Inc.  Plaintiff's allegations against these defendants are based upon their failure to supervise employees.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . .."  *Hays v. Jefferson Cty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).  Plaintiff fails to allege that the Municipality of Macomb County, Anthony Wickersham, Tigg's Canteen Service, or Correct Care Solutions, Inc. engaged in any "active unconstitutional behavior'" rather than a "'mere failure to act.'"  *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th

Cir. 1998)). He pleads no facts to support a claim that these defendants encouraged or participated in the challenged conduct.

Nor does Plaintiff state a claim against these defendants based upon their policies or customs. A defendant may not be held responsible for an alleged constitutional deprivation based upon a policy or custom unless there is a direct causal link between the policy or custom and the alleged constitutional violation. *Monell*, 436 U.S. at 694 (1978). The plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993) (quotation omitted). Other than a conclusory, blanket allegation, Plaintiff has not identified a policy established by any of these defendants that is responsible for the alleged violations. Plaintiff therefore fails to state a colorable claim against Defendants Municipality of Macomb County, Anthony Wickersham, Tigg's Canteen Service, and Correct Care Solutions, Inc.

## B. Disciplinary Hearing

Plaintiff claims that he was not afforded the opportunity to participate in a prison disciplinary hearing conducted on August 30, 2018. He alleges this violated his rights under the Due Process Clause.

A prisoner's right to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest. In *Wolff v. McDonnell*, 418

U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that must be followed before depriving a prisoner of good-time credits on account of alleged misbehavior. This decision did not create a right to due process that attaches to all prison disciplinary proceedings. The right to due process arises only when the prisoner faces a loss of liberty. The loss of good-time credits may implicate due process concerns where good time credits create a right to a shorter sentence rather than when they are simply one factor considered by the parole board. Plaintiff does not allege the loss of good-time credits. Therefore, the procedural protections established in *Wolff* are not triggered on that basis.

Even absent a due process interest in disciplinary credits, a prisoner may raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff fails to indicate the result of the disciplinary proceeding or any resulting deprivation. This claim will be dismissed.

### C. Grievance System

Petitioner claims that the jail provided an inadequate grievance system. This claim fails because "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x. 427, 430 (6th Cir. 2003) (per curiam).

### E. Prison Rules and Regulations

Finally, Plaintiff argues that his right to due process was violated by the failure to provide him with written rules and regulations until November 21, 2017, four days after his arrival at the Macomb County Jail.

A prisoner does not have a constitutional right to receive a written copy of an institution's rules and regulations. *See Wells v. Cook*, No. 1:11CV324, 2012 WL 1032689, at *1 (W.D.N.C. Mar. 27, 2012) (unpublished) (finding failure to provide a written copy of jail's rules did not allege a violation of a constitutional right); *Philmlee v. Byrd*, No. 4:10CV221, 2010 WL 6549829, at *4 (E.D. Ark. Oct. 21, 2010) (unpublished) ("[The p]laintiff's lack of a written copy of [the jail's] rules ... is insufficient to establish a constitutional violation."); *Lewis v. Franzen*, No. 80C634, 1986 WL 5225, at *2 (N.D. Ill. May 1, 1986) (unpublished) ("The Constitution in itself does not require prison officials to give inmates copies of prison rules and regulations.").

In addition, according to Plaintiff, he received a copy of the rules four days after his arrival. The Court finds no support for the claim that this four-day delay implicated any constitutionally-protected right. This claim will be dismissed.

### IV. Conclusion

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against Defendants Municipality of

Macomb County, Anthony Wickersham, Tigg's Canteen Service, and Correct Care Solutions, Inc. The Court is **DISMISSING** these defendants.

The Court also is **DISMISSING** Plaintiff's claims that his due process rights were violated by his exclusion for a disciplinary hearing, the inadequacy of the prison grievance procedure, and the jail's failure to provide him with a copy of the jail rules and regulations.

Plaintiff's remaining claims and the remaining defendants survive the Court's initial screening under 28 U.S.C. §§ 1915(e)(2)(B).

**IT IS SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 17, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 17, 2019, by electronic and/or U.S. First Class mail.

S/ R. Loury
Case Manager